UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLADYS URBINA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>JO ANNE B. BARNHART,<br>COMMISSIONER OF SOCIAL<br>SECURITY,<br><br>　　　　Defendant. | Case No. EDCV-06-00193 JC<br><br>MEMORANDUM OPINION AND<br>ORDER OF REMAND |

## I.  PROCEEDINGS

Plaintiff Gladys Urbina filed a Complaint on March 2, 2006, seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits.  This matter is before the Court on the parties' cross-motions for summary judgment.[1]

Based on the record as a whole and the applicable law, the decision of the Commissioner is REVERSED IN PART AND REMANDED for further proceedings consistent with this Memorandum Opinion and Order of Remand because the ALJ erroneously failed to address the lay witness evidence supplied

---

[1] Plaintiff filed a motion for summary judgment on June 21, 2006.  The Commissioner filed a cross-motion for summary judgment and an opposition on July 21, 2006.

1

by plaintiff's daughter and erroneously failed to address plaintiff's reported side effects of medications.

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On June 7, 2002, plaintiff filed an application for Disability Insurance Benefits and Supplemental Security Income benefits. (Administrative Record ("AR") 62, 322). Plaintiff alleged a disability onset date of April 3, 2001, based upon neck pain, mid and low back pain, headaches, anxiety, and depression. (AR 19, 62, 79, 322). The ALJ examined the medical record and heard testimony from plaintiff and a vocational expert on December 2, 2003. (AR 18, 342-61). On December 29, 2003, the ALJ issued an unfavorable decision denying benefits based upon the ALJ's conclusion that plaintiff was not disabled at any time through the date of the decision. (AR 15-26). The ALJ found, inter alia: (1) plaintiff suffered from a combination of severe impairments including: chronic strain of the cervical, thoracic, and lumbar spine with minimal mild degenerative disc disease and minimal to moderate degenerative joint disease; history of type II diabetes mellitus; and mild to major depression (AR 21, 25); (2) plaintiff's impairments or combination of impairments did not meet or medically equal one of the listed impairments at any time through December 29, 2003, the date of the decision (AR 21, 25); (3) plaintiff retained the following residual functional capacity: lift and carry twenty pounds occasionally and ten pounds frequently; stand and walk frequently; sit frequently; reach frequently; climb, stoop, kneel, crouch, and crawl occasionally; she should be permitted a sit-stand option and to avoid temperature extremes and hazards such as unprotected heights and dangerous machinery; she can at least sustain basic work-related activities, i.e., simple repetitive tasks with adequate pace and persistence and relate to coworkers, supervisors, and the public in such settings (AR 23); (4) plaintiff did not retain the residual functional capacity to perform her past relevant work (AR 23, 25);

(5) based on her residual functional capacity, plaintiff could perform a significant range of light work (AR 24, 26); (6) there are a significant number of jobs in the national economy that she could perform including: bench assembly worker and small parts assembler (AR 24, 26); and (7) plaintiff's testimony regarding her limitations were not totally credible, and her subjective complaints were exaggerated. (AR 23, 25). The Appeals Council denied plaintiff's request for review of the ALJ's decision. (AR 4-6).

## III. APPLICABLE LEGAL STANDARDS

### A. Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that she is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least twelve months. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citing 42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing the work she previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

(2) Is the claimant's alleged impairment sufficiently severe to limit her ability to work? If not, the claimant is not disabled. If so, proceed to step three.

(3) Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R.

|   |   | Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four. |
|---|---|---|
|   | (4) | Does the claimant possess the residual functional capacity ("RFC") to perform her past relevant work?[2] If so, the claimant is not disabled. If not, proceed to step five. |
|   | (5) | Does the claimant's RFC, when considered with the claimant's age, education, and work experience, allow her to adjust to other work that exists in significant numbers in the national economy? If so, the claimant is not disabled. If not, the claimant is disabled. |

---

[2]Residual functional capacity is "what [one] can still do despite [ones] limitations" and represents an "assessment based upon all of the relevant evidence." 20 C.F.R. §§ 404.1545(a), 416.945(a). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment. Robbins v. Social Security, 466 F.3d 880, 883 (9th Cir. 2006) (citations omitted). Careful consideration should be given to any evidence about symptoms because subjective descriptions may indicate more severe limitations or restrictions than can be shown by medical evidence alone. Id. (citations omitted). If the record establishes the existence of a medically determinable impairment that could reasonably give rise to the reported symptoms, an ALJ must make a finding as to the credibility of the claimant's statements about the symptoms and their functional effect. Id. (citations omitted). An ALJ may not disregard such claimant's testimony solely because it is not substantiated affirmatively by objective medical evidence. Id. Unless an ALJ makes a finding of malingering based on affirmative evidence thereof, the ALJ may reject a claimant's testimony regarding the severity of her symptoms only if the ALJ makes specific findings stating clear and convincing reasons for doing so. Id. (citations omitted). To find the claimant not credible, an ALJ must rely either on reasons unrelated to the subjective testimony (e.g., reputation for dishonesty), conflicts between the claimant's testimony and the claimant's conduct, or on internal contradictions in that testimony. Id. (citing Light v. Social Security Administration, 119 F.3d 789, 792 (9th Cir.), as amended (1997).

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920).

The ALJ has an affirmative duty to assist the claimant in developing the record at every step of the inquiry. Bustamante v. Massanari, 262 F.3d 949, 954 (9th Cir. 2001); see also Webb v. Barnhart, 433 F.3d 683, 687 (9th Cir. 2005) (ALJ has special duty to fully and fairly develop record and to assure that claimant's interests are considered). The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante, 262 F.3d at 953-54 (citing Tackett); see also Burch, 400 F.3d at 679 (claimant carries initial burden of proving disability). If, at step four, the claimant meets her burden of establishing an inability to perform past work, the Commissioner must show, at step five, that the claimant can perform some other work that exists in "significant numbers" in the national economy, taking into account the claimant's residual functional capacity, age, education, and work experience. Tackett, 180 F.3d at 1100 (citing 20 C.F.R § 404.1560(b)(3)). The Commissioner may do so by the testimony of a vocational expert or by reference to the Medical-Vocational Guidelines appearing in 20 C.F.R. Part 404, Subpart P, Appendix 2 (commonly known as "the Grids"). Id. When a claimant has both exertional (strength-related) and nonexertional limitations, the Grids are inapplicable and the ALJ should take the testimony of a vocational expert. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000) (citing Burkhart v. Bowen, 856 F.2d 1335, 1340 (9th Cir. 1988)).

**B.     Standard of Review**

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error. Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)). Substantial evidence is "such relevant evidence as a reasonable

mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted).  It is more than a mere scintilla but less than a preponderance.  Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)).  If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ.  Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

### C. Standards Governing Consideration of Lay Evidence

Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he expressly determines to disregard such testimony and gives reasons germane to each witness for doing so.  Stout, 454 F.3d at 1056 (citations omitted); Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001); see also Robbins, 466 F.3d at 885 (ALJ required to account for all lay witness testimony in discussion of findings) (citation omitted); Regennitter v. Commissioner, 166 F.3d 1294, 1298 (9th Cir. 1999) (testimony by lay witness who has observed claimant is important source of information about claimant's impairments); Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996) (lay witness testimony as to claimant's symptoms or how impairment affects ability to work is competent evidence and therefore cannot be disregarded without comment) (citations omitted);[3] Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987) (ALJ

---

[3] In Nguyen, the Ninth Circuit also explained that Vincent v. Heckler, 739 F.2d 1393 (9th Cir. 1984) does not stand for the proposition that an ALJ may disregard, without stating the reasons therefor, lay witness testimony as to a

(continued...)

must consider observations of non-medical sources, e.g., lay witnesses, as to how impairment affects claimant's ability to work).

One reason for which an ALJ may discount lay testimony is that it conflicts with medical evidence. Lewis, 236 F.3d at 511 (citation omitted). The mere fact that a witness is a family member, however, is not a sufficient reason to reject the witness' testimony. See Regennitter, 166 F.3d at 1298 (fact that lay witness is family member cannot be ground for rejecting testimony) (citing Smolen v. Chater, 80 F.3d 1273, 1289 (9th Cir. 1996)).

Most of the above-cited authorities speak in terms of the "testimony" of lay witnesses. However, the standards discussed in these authorities appear equally applicable to written statements. Cf. Schneider v. Commissioner, 223 F.3d 968, 974-75 (9th Cir. 2000) (ALJ erred in failing to consider letters submitted by claimant's friends and ex-employers in evaluating severity of claimant's functional limitations).

In cases in which "the ALJ's error lies in a failure to properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination. Robbins, 466 F.3d at 885 (quoting Stout, 454 F.3d at 1055-56).

///
///
///

---

[3](...continued)
claimant's symptoms or how an impairment affects the claimant's ability work. 100 F.3d at 1467. As the Nguyen court notes, in Vincent lay witnesses were making medical diagnoses, e.g., that the claimant had a serious medical impairment as a result of a stroke. Id. Such medical diagnoses by lay witnesses (as opposed to observations of symptoms and impairments) do not constitute competent evidence and thus could properly be disregarded without comment. Id.

## IV. DISCUSSION

### A. A Remand is Appropriate Because the ALJ Erroneously Failed to Address the Lay Evidence Supplied by Plaintiff's Daughter and the Court Cannot Find Such Error Was Harmless

Plaintiff argues that the ALJ improperly ignored the lay witness statements of her daughter. Defendant argues that the ALJ did not commit reversible error by not discussing plaintiff's daughter's statements, that the statements did not contradict the ALJ's findings, and that the statements did not provide additional facts to establish disability.

On December 2, 2003, plaintiff testified regarding her symptoms and limitations. (AR 345-58). She stated, <u>inter alia</u>, that she has: (i) extreme head pain (AR 351, 352, 357); (ii) neck pain (AR 351, 357); (iii) back pain (AR 351); (iv) hip pain (AR 351); (v) leg pain (357); (vi) shoulder pain (AR 357); and (vii) depression and anxiety. (AR 353).

On July 8, 2002, plaintiff's daughter completed a daily activities questionnaire which reflects her observations regarding plaintiff's alleged impairments and their asserted impact on plaintiff's daily activities. (AR 102-07). Plaintiff's daughter reported, <u>inter alia</u>, that plaintiff (i) constantly complains about back, neck and headache pain (AR 102, 105, 106); (ii) needs help with cleaning, moving/carrying heavy objects, and tying her shoes (AR 103, 104, 106); (iii) hurts when she bends over (AR 103); (iv) has difficulty going up and down stairs (AR 106); (v) complains of headaches when she reads and is unable to continue reading (AR 105, 106); (vi) prepares meals with the help of plaintiff's daughter and son (AR 103); (vii) has emotional breakdowns (AR 107); and (viii) constantly cries from pain. (AR 107).

Although the aforementioned statements of plaintiff's daughter are consistent with, and corroborate plaintiff's testimony regarding plaintiff's symptoms, pain, and limitations, the ALJ's decision silently disregards plaintiff's

daughter's statements. Contrary to defendant's contention, plaintiff's daughter's statements do contradict the findings of the ALJ and provide additional pertinent facts. The ALJ found that plaintiff's testimony regarding her limitations was not totally credible, and that her subjective complaints were exaggerated. He appears to have discounted plaintiff's allegations regarding her degree of pain and limitations by pointing to plaintiff's admission that she had to climb stairs regularly to get to the apartment where she lived with her daughter, and noting that plaintiff was able to read, to clean her house, and to cook for herself and her family. (AR 22, 23, 25). Plaintiff's daughter's statements, however, reflect that plaintiff had difficulty climbing the stairs, that she had headaches when she read, and that she did not or could not complete cooking and cleaning tasks without assistance. Had the ALJ considered and credited plaintiff's daughter's statements, he might have reached a different conclusion regarding, at a minimum, plaintiff's credibility. As plaintiff's daughter's statements constitute competent lay evidence that the ALJ had to take into account unless he expressly determined to disregard it, and to give reasons therefor, the ALJ erred in silently disregarding such statements. Nor can the Court conclude that no reasonable ALJ, fully crediting the statements of plaintiff's daughter, could have reached a different disability determination regarding plaintiff. Accordingly, this Court cannot find that the ALJ's failure to address the lay witness statements supplied by plaintiff's daughter was harmless.

///
///
///
///
///
///
///

9

### B. A Remand is Appropriate Because the ALJ Erroneously Failed to Address Plaintiff's Side Effects of Medication

Plaintiff also contends that the ALJ erred by failing properly to evaluate evidence regarding plaintiff's reported side effects of her medications.[4]

"The ALJ must consider all factors that might have a 'significant impact on an individual's ability to work.'" Erickson v. Shalala, 9 F.3d 813, 817 (9th Cir. 1993) (quoting Varney v. Secretary of Health & Human Services, 846 F.2d 581, 585 (9th Cir.), relief modified, 859 F.2d 1396 (1988)).  The side effects of medication can have a significant impact on an individual's ability to work and should figure in the disability determination process.  Varney, 846 F.2d at 585. The failure to consider the side effects of medications is reversible error.  Cuevas v. Apfel, 1999 WL 76789 *5 (N.D. Cal.) (citation omitted).

Here, plaintiff complained that her medication caused her to shake, to be disoriented when she wakes up, and to fall asleep. (AR 84, 110).  As the ALJ did not discuss or even reference such reported side effects, it is unclear whether he considered them in his analysis.  On remand, the ALJ should expressly address the evidence regarding plaintiff's reported side effects, and either accept it, and take it into account in his analysis, or reject it, and make specific findings expressing the reasons therefor.

///
///
///
///

---

[4] Plaintiff also asserts that the ALJ did not consider the alleged common side effects of her medications as indicated in a guide to prescription drugs.  Plaintiff cites no authority to support the proposition that the ALJ was required to consider common side effects of plaintiff's medications in the absence of allegations by plaintiff that she suffered from such side effects.

**V.     CONCLUSION**[5]

For the foregoing reasons, the decision of the Commissioner of Social Security is reversed in part, and this matter is remanded for further administrative action consistent with this Memorandum of Opinion and Order of Remand.[6]

LET JUDGMENT BE ENTERED ACCORDINGLY.[7]

DATED:   March 5, 2007


                                              /s/
                                     _____
                                     Honorable Jacqueline Chooljian
                                     UNITED STATES MAGISTRATE JUDGE

---

[5]Plaintiff also argues, and defendant disputes, that the ALJ failed to consider the treating physician's opinion of disability.  The Court need not, and has not adjudicated this challenge to the ALJ's decision, except insofar as to determine that a reversal and remand for immediate payment of benefits would not be appropriate.

[6]When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted).  Remand is proper where, as here, additional administrative proceedings could remedy the defects in the decision. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).

[7]Plaintiff's request for costs and reasonable attorneys' fees under the Equal Access to Justice Act is denied without prejudice to resubmission of an application, accompanied by supporting documents, seeking such fees and expenses in accordance with 28 U.S.C. § 2412(d).